

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:MKM
F.#2012R00154

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 17, 2012

**BY ECF AND MESSENGER**

The Honorable I. Leo Glasser
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  U.S. v. Burchard Bertrand,
           Criminal Docket No. 03-903 (S-1) (ILG)

Dear Judge Glasser:

      The parties appeared before Your Honor on February 15, 2012 for a first status conference concerning Burchard Bertrand's alleged violation of supervised release.  During the conference, the Court asked the parties to submit authority on the issue of whether Bertrand has a right to a speedy trial on the alleged violation, pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161 et seq.  The government respectfully submits this letter in response to the Court's request.[1]

      The Speedy Trial Act sets deadlines for formally charging, through an indictment or information, and bringing to trial defendants "charged with an offense."  18 U.S.C. § 3161(a) and (b).  Because individuals alleged to have violated supervised release have not thereby been "charged with an offense," "the Speedy Trial Act has no applicability to them."  United States v. Soles, 336 Fed. Appx. 287, 290 (4th Cir. 2009); cf. United States v. Patterson, 135 Fed. Appx. 469, 475 (2d Cir. 2005) (defendant's arrest on charges of violating supervised release did not start running of Speedy Trial Act's thirty-day period for filing of indictment on other charges); see also United States v. Sanchez, 225 F.3d 172, 175 (2d Cir. 2000) ("The Supreme Court does not... attach to revocation proceedings the full range of procedural

---

      [1] Heidi Cesare, Esq., counsel for the defendant, has been provided a copy of this letter in advance and has not indicated any disagreement with the analysis contained herein.

safeguards associated with a criminal trial . . . because a probationer already stands convicted of a crime.") (citing Black v. Romano, 471 U.S. 606, 613 (1985); United States v. Brown, 899 F.2d 189, 192 (2d Cir. 1990)).

The requirements for a revocation hearing are set forth in Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, which provides that, "[u]nless waived by the person, the court must hold [a] revocation hearing [for a person in custody for violating a condition of supervised release] within a reasonable time in the district having jurisdiction." Patterson, 135 Fed. Appx. at 475 (supplying alterations in the text of Rule 32.1(b)(2)).  The Second Circuit has found that even lengthy delays may be reasonable. See, e.g., id. (seventeen-month delay between defendant's arrest on charges of violating supervised release and adjudication of violations did not violate Rule 32.1(b)(2) where the court decided to hold revocation hearing at same time as sentencing on related criminal convictions); United States v. Ramos, 401 F.3d 111, 118 (2d Cir. 2005) (seventeen-month period between arrest and ruling that defendant had violated terms of supervised release not "unreasonable"); United States v. Sackinger, 704 F.2d 29, 30 (2d Cir. 1983) (revocation hearing held one year after arrest by state authorities on state charges which formed basis of revocation of federal probation was "reasonable"); see also Sanchez, 225 F.3d at 174-76 (delay of four years from the date of the violation of supervised release to the execution of the violation warrant did not violate defendant's due process rights).

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney
    Eastern District of New York

By:       /s/
    M. Kristin Mace
    Assistant U.S. Attorney
    (718) 254-6879

cc:  Heidi Cesare, Esq. (By ECF)
    Clerk of the Court (By ECF)(ILG)